In the Matter of the Estate of CHARLES H. S. WILLIAMS,
Deceased.

No. 1835; March 12, 1869.

Administration—Sale of Land in Parcels.—Where a sale of real
property is authorized in the settlement of an estate, the property is
to be sold as a whole if it is evident it cannot be sold in parcels with-
out detriment to the estate.

Administration—Appraisement—Worthless Claims.—Claims due
an estate and reported as worthless by the appraisers must be deemed
to be of no value until the contrary appears.

APPEAL from Probate Court, San Francisco County.

H. E. Highton for appellant; Churchill for respondents.

CROCKETT, J.—We discover no error in the order of the
probate court directing a sale of the real estate of the de-
ceased. The debts proved and allowed against the estate
amount to thirty-nine thousand five hundred and three dol-
lars and eight cents; in addition to which there is due for
the family allowance three thousand eight hundred and sixty
dollars, and for expenses of administration already accrued,
the sum of seven hundred and twelve dollars and ninety-eight
cents; making in the aggregate the sum of forty-four thou-
sand three hundred and seventy-five dollars and ninety-eight
cents, to be paid, together with the future expenses of ad-
ministration, estimated at four thousand five hundred dollars.
To meet these demands, there is personal property in Sonoma
county, valued at twenty-two thousand two hundred and
forty-three dollars and fifty-six cents; other personal prop-
erty valued at seven thousand six hundred and fifty-seven
dollars and thirty-eight cents, from which, however, is to be
deducted four thousand dollars, the value of wines in New
York which have not come to the hands of the administrator;
two thousand dollars, the net value of the vintage of 1867,
and eight hundred and seventy-eight dollars, the value of yet
other available property in the hands of the administrator.
The aggregate of these sums, after deducting four thousand
dollars for the wines in New York, is twenty-eight thousand

seven hundred and seventy-eight dollars and ninety-four cents; leaving a deficiency of fifteen thousand five hundred and ninety-seven dollars and four cents in the amount necessary to pay the existing indebtedness; to say nothing of the accruing expenses of administration, which will evidently amount to a considerable sum. The real estate consists wholly of a valuable vineyard in Sonoma county, with expensive buildings for wine-making; and it is evident the property could not be sold in parcels without great detriment to the estate. In such cases, section 161 of the Probate Act authorizes the whole to be sold; and in this case the probate court very properly exercised its discretion in that respect.

Prima facie, the large amount of claims due to the estate, which are reported by the appraisers to be worthless, must be deemed to be of no value, until the contrary appears, and there was no proof to the contrary.

The order of the probate court is affirmed, and the remittitur ordered to issue forthwith.

We concur: Sawyer, C. J.; Rhodes, J.; Sanderson, J.; Sprague, J.